**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 95-10266
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RICKY HAROLD ROJAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas
(2:91-CR-26)
_____
December 8, 1995

Before POLITZ, Chief Judge, and DAVIS and BENAVIDES, Circuit
Judges.

PER CURIAM:[1]

Appellant Ricky Rojas appeals the district court's order
denying his motion under 18 U.S.C. § 3582(e)(2) for reduction of
his sentence below the statutory mandatory minimum provided by 21
U.S.C. § 841(b)(1)(A)(v). We affirm.

I.

On January 13, 1992, Ricky Harold Rojas pleaded guilty to
possession with intent to distribute 11 grams of lysergic acid
diethylamide (LSD) in violation of 21 U.S.C. § 841(a)(1). The

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no
precedential value and merely decide particular cases on the basis of well-settled
principles of law imposes needless expense on the public and burdens on the legal
profession." Pursuant to that Rule, the Court has determined that this opinion
should not be published.

district court sentenced him to 130 months imprisonment, followed by three years of supervised release, which was within the sentencing guideline range of 121 to 151 months. Rojas did not directly appeal his sentence.

After amendment 488 to the sentencing guidelines changed the method of calculating the quantity of LSD under U.S.S.G. § 2D1.1, Rojas filed a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). He asserted that recalculating the quantity of LSD pursuant to amendment 488 would result in a guideline range of 41 to 51 months. The district court granted the motion and reduced Rojas's sentence to 120 months, the statutory minimum for possession of LSD in excess of 10 grams. 21 U.S.C. § 841(b)(1)(A)(v). Rojas filed a timely notice of appeal.

## II.

Rojas argues that the district court erred by not sentencing him within the guideline range calculated under the amendment to § 2D1.1(c) and by failing to reduce his sentence below the statutory mandatory minimum of 120 months.

Rojas first argues that the new method of calculating LSD outlined in amendment 488 for U.S.S.G. § 2D1.1 should also be used for determining the quantity of LSD for 21 U.S.C. § 841. This argument is foreclosed by United States v. Pardue, 36 F.3d 429, 431 (5th Cir. 1994), cert. denied, 115 S. Ct. 1969 (1995), where a Fifth Circuit panel held that the method of calculating the amount of LSD for the purpose of determining the mandatory minimum sentence under § 841 is not changed by amendment 488. See also,

2

United States v. Whitebird, 55 F.3d 1007 (5th Cir. 1995).[2] The court in Pardue relied in part on the commentary to § 2D1.1(c) which provides that the new method of calculating the amount of LSD for guidelines purposes "does not override the applicability of `mixture or substance' for the purposes of applying any mandatory minimum sentence (see Chapman; § 5G1.1(b))." § 2D1.1, comment. (backg'd). The Supreme Court in Chapman v. United States, 500 U.S. 453, 460-62 (1991) held that the weight of the carrier medium for LSD must be included in calculating the amount for a mandatory minimum sentence. Section 2D1.1's reference to § 5G1.1(b) refers to the guideline provision which mandates that if the statutory mandatory minimum sentence exceeds the maximum guideline range, the statutory mandatory minimum becomes the guideline range.

In this case, the statutory mandatory minimum sentence of 120 months exceeds the maximum guideline range of 51 months and, thus, the district court properly reduced Rojas's sentence to the statutory mandatory minimum sentence of 120 months.

Rojas next argues that the rule of lenity should apply since amendment 488 created an ambiguity in application of § 841 and § 2D1.1. We do not find any ambiguity in these two sections that would warrant applying the rule of lenity under United States v. Granderson, 114 S.Ct. 1259, 1267 (1994). See also, United States v. Mueller, 27 F.3d 494, 496 (10th Cir. 1994).

---

[2]There exists a circuit split on this issue of LSD calculation. The Supreme Court has granted writ on this question in United States v. Neal, 46 F.3d 1405 (7th Cir.), cert. granted 115 S.Ct. 2576 (1995), with oral argument set for December 4, 1995. We, however, are bound by Fifth Circuit precedent until the Supreme Court reaches a contrary decision.

Rojas finally argues that the statutory mandatory minimum sentence should not apply because he was not notified that he was subject to a mandatory minimum. The district judge did not inform him of a statutory mandatory minimum during the plea hearing; the presentence report stated that the minimum sentence was not applicable (probably reflecting that the sentencing guideline minimum was higher than the statutory minimum); and the plea agreement indicated only a maximum sentence of 20 years.

The record indicates that Rojas was not informed of a mandatory minimum sentence of 10 years.[3] Failure of the district court to advise the defendant of a statutory mandatory minimum sentence during the plea hearing is a Rule 11 violation which is usually considered in a direct appeal to vacate the guilty plea.[4] Rojas, however, does not ask to withdraw his guilty plea. Rather, he argues in this motion to reduce his sentence under § 3582 that, because the district court failed to advise him of the statutory mandatory minimum sentence, his due process rights were violated and the minimum sentence does not apply.

For due process purposes, § 841(b) provided notice to Rojas of the mandatory minimum sentence to which he was exposed for his §

---

[3] Although it has no significance to this case, the presentence report and the plea agreement erroneously stated that the maximum sentence was 20 years rather than the correct maximum sentence of life. 21 U.S.C. § 841(b)(1)(A)(v).

[4] After the en banc decision of United States v. Johnson, 1 F.3d 296 (5th Cir. 1993), Rule 11 violations are all treated under a harmless error analysis of whether the omission affected substantial rights of the defendant. At the time of the plea hearing, the defendant was facing a sentence of 121 to 151 months under the sentencing guidelines. It is unlikely that knowledge of a mandatory minimum sentence of 120 months would have affected his plea.

841(a) violation. The only arguable complaint Rojas has is that the district court violated Rule 11. For this alleged violation he might seek to set aside his guilty plea under § 2255. This he has not done. The district court correctly denied the only relief Rojas seeks in this § 3582 motion to reduce sentence.

For the above reasons, we affirm the district court's ruling.

AFFIRMED